# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6168 | **DATE** | 5/29/2001 |
| **CASE TITLE** | Masonry Institute etc. et al. Vs. F.C.C.I. Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant filed an emergency motion to set aside the default judgment. We directed that plaintiffs respond and defendant reply. Plaintiffs responded; defendant did not reply. We now deny the motion to vacate.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | | |
| | Mail A 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 30 AM 8: 29 | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
MAY 3 0 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MASONRY INSTITUTE, BRICKLAYERS )
LOCAL 21 PENSION FUND, and )
BRICKLAYERS LOCAL 21 OF ILLINOIS )
APPRENTICESHIP AND TRAINING )
PROGRAM, )
                               Plaintiffs, )
                               vs. )           No. 00 C 6168
F.C.C.I. CORPORATION, an Illinois Corp., )
                               Defendant. )

## MEMORANDUM OPINION AND ORDER

On October 8, 2000, plaintiffs sued to collect delinquent ERISA contributions, and the complaint was served on defendant's registered agent on October 17, 2000. Defendant having neither appeared nor answered, this court entered a default judgment on January 25, 2001. On February 20, 2001, defendant filed an emergency motion to set aside the default judgment. That led to an agreed order the following day which continued the motion to vacate but put a brake on collection efforts while the parties considered whether or not there should be an adjustment in the figures. Finally, after three continuations of the motion, we directed that plaintiffs respond and defendant reply. Plaintiffs responded; defendant did not reply. We now deny the motion to vacate.

Defendant represents that its registered agent was supposed to engage an attorney but failed to do so; that it became aware of the motion for a default earlier in the month and did engage an unidentified attorney; the attorney did show up, but late, and the default order had

already been entered; and that it thereafter contacted present counsel who filed the motion to vacate more than three weeks later. That litany, perhaps (and only perhaps), might justify vacation if defendant could present a showing that it had a meritorious defense, but it has not done so. Plaintiffs established the amount due by affidavit, defendant has had several months to present any challenges to that figure, and it had an opportunity by way of a reply to advise the court of any challenges. It has not done so. Plaintiffs should not have to wait any longer.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

May 29, 2001.